PETER C. ANDERSON
United States Trustee
**NANCY GOLDENBERG (Bar No. 167544)**
**Attorney for United States Trustee**
OFFICE OF THE U.S. TRUSTEE
RONALD REAGAN FEDERAL BUILDING
    and U.S. COURTHOUSE
411 West Fourth Street, Suite 9041
Santa Ana, CA  92701-8000
Telephone: (714) 338-3400
Facsimile: (714) 338-3421
Email: Nancy.Goldenberg@usdoj.gov

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br><br>**LOUIS LEON PACIFIC**<br>**GLORIA GAIL PACIFIC,**<br><br>             Debtors<br><br>PETER C. ANDERSON,<br>UNITED STATES TRUSTEE,<br><br>             Plaintiff,<br><br>vs.<br><br>**LOUIS LEON PACIFIC**<br>**GLORIA GAIL PACIFIC**<br><br>             Defendants | CHAPTER 7<br><br>CASE NUMBER: **8:09-19858-ES**<br><br>ADV. NO.<br><br>COMPLAINT OBJECTING TO THE DISCHARGE OF DEBTOR PURSUANT TO § 727(a)(8) OF THE BANKRUPTCY CODE<br><br>(Status conference to be set by the Court - See summons) |

Plaintiff Peter C. Anderson, United States Trustee ("Plaintiff"), respectfully represents and alleges as follows:

**STATEMENT OF JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 727. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

2. Venue properly lies in this judicial district in that this civil proceeding arises under Title 11 United States Code as provided in 28 U.S.C. § 1409.

3. This adversary proceeding arises out of and relates to the Chapter 7 case of Louis Leon Pacific and Gloria Gail Pacific, Case No. 8:09-19858-ES on the docket of this Court. The case of Louis Leon Pacific and Gloria Gail Pacific commenced by the filing of a voluntary petition for relief under Chapter 7 of Title 11 United States Code on September 16, 2009.

**PARTIES TO THE ACTION**

4. Plaintiff Peter C. Anderson is the United States Trustee for Region 16.

5. The mailing address for Defendants Louis Leon Pacific and Gloria Gail Pacific ("Defendants") on their bankruptcy filing is 33 La Mirage, Aliso Viejo, California 92656, and they may be served at such address.

**STATEMENT OF STANDING**

6. Plaintiff, as the United States Trustee for Region 16, has standing to bring this action under 11 U.S.C. §§ 307 and 727.

**GENERAL ALLEGATIONS**

7. Defendants filed a voluntary Chapter 7 petition (the "Petition") with the Bankruptcy Court (Santa Ana Division) on September 16, 2009 (the "Petition Date"), under case number 8:09-19858-ES.

8. Defendants also filed a prior voluntary Chapter 7 bankruptcy on May 14, 2005 (the "2005 Chapter 7 case") in the Central District of California (Santa Ana) styled Louis Leon Pacific and Gloria Gail Pacific, 8:05-21224-ES.

9. The last four digits of Defendants' social security number disclosed in the current Chapter 7 case are the same as those disclosed in the 2005 Chapter 7 case.

10. Defendants, Louis Leon Pacific and Gloria Gail Pacific received

1  a discharge in the 2005 Chapter 7 case on March 17, 2006.

**CAUSE OF ACTION**

[11 U.S.C. § 727(a)(8)]

11. Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through 10 above.
12. Pursuant to 11 U.S.C. § 727(a)(8), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the Court shall not grant a debtor a discharge if:

> "the debtor has been granted a discharge under this section...in a case commenced within eight years before the date of the filing of the petition;"

13. Defendants received a discharge in the 2005 Chapter 7 case and, therefore are not entitled to a discharge in the current case.
14. Pursuant to 11 U.S.C. § 523(a)(10), and notwithstanding a judgment denying the discharge of Defendants Louis Leon Pacific and Gloria Gail Pacific being entered pursuant to this Complaint, Defendants Louis Leon Pacific and Gloria Gail Pacific will be entitled to a discharge of their debts listed in their current bankruptcy in a Chapter 7 case filed after October 13, 2013.

**WHEREFORE**, Plaintiff prays for judgment as follows:

**ON ALL CLAIMS FOR RELIEF**

A. That the discharge of Defendants Louis Leon Pacific and Gloria Gail Pacific be denied pursuant to 11 U.S.C. § 727(a)(8);

//
/

- 3 -

B. For such other and further relief as the Court deems just and proper.

```
                                    PETER C. ANDERSON
                                    UNITED STATES TRUSTEE

Dated:  9/21/09               By:   /s/ Nancy Goldenberg
                                    NANCY GOLDENBERG
                                    Attorney for United States Trustee
```

FORM 104 (10/06)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　2006 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>PETER C. ANDERSON, UNITED STATES TRUSTEE | **DEFENDANTS**<br>LOUIS LEON PACIFIC AND GLORIA GAIL PACIFIC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Nancy Goldenberg, Office of the U.S. Trustee, 411 W. 4th St., #9041<br>Santa Ana, CA 92701 (714) 338-3416 | **ATTORNEYS** (If Known)<br>IN PRO PER |
| **PARTY** (Check One Box Only)<br>☐ Debtor　☑ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor　☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor　☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor　☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[1] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce/sep property settlement/decree
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 0 |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| **NAME OF DEBTOR** <br> LOUIS LEON PACIFIC AND GLORIA GAIL PACIFIC ||| **BANKRUPTCY CASE NO.** <br> 8:09-19858-ES |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL DISTRICT OF CALIFORNIA | **DIVISIONAL OFFICE** <br> SANTA ANA || **NAME OF JUDGE** <br> ERITHE SMITH |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| **PLAINTIFF** | **DEFENDANT** || **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** || **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> /s/ Nancy Goldenberg ||||
| **DATE** <br> September 18, 2009 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> NANCY GOLDENBERG |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| PETER C. ANDERSON, UNITED STATES TRUSTEE<br>Nancy Goldenberg (Bar no. 167544)<br>ATTORNEY FOR THE U.S. TRUSTEE<br>OFFICE OF THE UNITED STATES TRUSTEE<br>RONALD REAGAN FEDERAL BUILDING and U.S. COURTHOUSE<br>411 WEST FOURTH ST., SUITE 9041<br>SANTA ANA, CA 92701-8000<br>TEL: (714) 338-3400 FAX: (714) 338-3421<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: LOUIS LEON PACIFIC AND GLORIA GAIL PACIFIC | CHAPTER 7 |
|---|---|
| | CASE NUMBER 8:09-19858-ES |
| Debtor. | ADVERSARY NUMBER |
| PETER C. ANDERSON<br>UNITED STATES TRUSTEE  Plaintiff(s), | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)* |
| vs.<br>LOUIS LEON PACIFIC AND GLORIA GAIL PACIFIC<br>Defendant(s). | **SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ☐ 255 East Temple Street, Los Angeles | | ☒ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
*Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Revised December 1998 (COA-SA)

**F 7004-1**